# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| ELDON K. HURLEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DYNO NOBEL, INC. and DYNO NOBEL DEFINED BENEFIT PENSION PLAN I,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:08-cv-415-CW-PMW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Eldon K. Hurley ("Hurley"), et al.'s (collectively, "Plaintiffs") motion to compel Dyno Nobel, Inc. and Dyno Nobel Defined Benefit Pension Plan I's ("DNI Plan") (collectively "Defendants") responses to written discovery requests.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

In October 2007, Hurley made a claim for pension benefits against the DNI Plan. The DNI Plan denied Hurley's claim, and he appealed that decision. In May 2008, Hurley's appeal

---

[1] *See* docket no. 45.

[2] *See* docket no. 57.

was denied by the DNI Plan's Administrative Committee. That same month, Hurley initiated this case under the Employee Retirement Income Security Act ("ERISA"). The remaining Plaintiffs were later added by way of an amended complaint

In March 2010, Plaintiffs served discovery requests on Defendants. In April 2010, Defendants provided their responses and objections to those discovery requests. After attempts to resolve the discovery dispute were unsuccessful, Plaintiffs filed the instant motion. In the discovery requests at issue, Plaintiffs seek information that is not part of the administrative record. In addition to responding to Plaintiffs' specific arguments, Defendants argue generally that Plaintiffs are not entitled to discovery of information outside of the administrative record.

In support of their motion, Plaintiffs argue that Defendants must fully respond to Plaintiffs' discovery requests because (1) Plaintiffs' second, third, and fourth causes of action are not subject to the restrictions on discovery for ERISA cases; (2) even under Plaintiffs' first cause of action, which is subject to restrictions on discovery for ERISA cases, Plaintiffs are entitled to discovery on the issue of conflict of interest; (3) Defendants' objections to the discovery requests are not well founded; and (4) the administrative record is incomplete. The court will address those arguments in turn.

### I. Second, Third, and Fourth Causes of Action

Plaintiffs argue that these three causes of action are not subject to the general restrictions on discovery for ERISA cases. *See, e.g.*, *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1157 (10th Cir. 2010) (stating that in ERISA cases, the Tenth Circuit has "frequently, consistently, and unequivocally reiterated that, in reviewing a plan administrator's decision under

the arbitrary and capricious standard, the federal courts are limited to the administrative record" (quotations and citations omitted)). Although the three causes of action are brought under different statutory provisions within ERISA, Plaintiffs assert that they are entitled to extra-record discovery on those causes of action because they are not claims for benefits under 29 U.S.C. § 1132(a)(1)(B). Plaintiffs assert that "[t]here is no support, either in ERISA itself or in case law developed across the country, for the proposition that the Plaintiffs may not conduct discovery in connection with these three causes of action."[3]

The court is not persuaded by Plaintiffs' arguments. While these three causes of action may not be claims for benefits under ERISA, they are still brought under provisions of ERISA. Notably, while Plaintiffs claim there is no support for the proposition that they may not conduct extra-record discovery on these causes of action, Plaintiffs have not provided any specific support for the proposition that they are entitled to conduct such discovery.

## II. First Cause of Action

This cause of action is an ERISA claim for benefits under 29 U.S.C. § 1132(a)(1)(B). Plaintiffs admit that there is a general prohibition on extra-record discovery on such a cause of action. However, Plaintiffs assert that under an exception to that general prohibition, they are entitled to extra-record discovery on the issue of conflict of interest.

In ERISA cases, Tenth Circuit "case law prohibits courts from considering materials outside the administrative record where the extra-record materials sought to be introduced relate

---

[3] Docket no. 58 at 5.

to a claimant's eligibility for benefits." *Murphy*, 619 F.3d at 1162. However, both Supreme Court and Tenth Circuit case law also "contemplate that this general restriction does not conclusively prohibit a district court from considering extra-record materials related to an administrator's dual role conflict of interest. Therefore, discovery related to the scope and impact of a dual role conflict of interest may, at times, be appropriate . . . ." *Id.*; *see also Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008).

In determining whether such discovery should be allowed in a particular case, the court "must apply Federal Rule of Civil Procedure 26(b) to discovery requests seeking information related to a dual role conflict of interest, just as [it] would apply that rule to other discovery requests." *Murphy*, 619 F.3d at 1162; *see also* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). The Tenth Circuit has "emphasize[d] that neither a claimant nor an administrator should be allowed to use discovery to engage in unnecessarily broad discovery that slows the efficient resolution of an ERISA claim." *Murphy*, 619 F.3d at 1162-63.

> In exercising its discretion over discovery matters under Rule 26(b), district courts will often need to account for several factors that will militate against broad discovery. First, while a district court must always bear in mind that ERISA seeks a fair and informed resolution of claims, ERISA also seeks to ensure a speedy, inexpensive, and efficient resolution of those claims. And while discovery may, at times, be necessary to allow a claimant to ascertain and argue the seriousness of an administrator's conflict, Rule 26(b), although broad, has never been a license to engage in

an unwieldy, burdensome, and speculative fishing expedition. The party moving to supplement the record or engage in extra-record discovery bears the burden of showing its propriety.

Second, in determining whether a discovery request is overly costly or burdensome in light of its benefits, the district court will need to consider the necessity of discovery. For example, the benefit of allowing detailed discovery related to the administrator's financial interest in the claim will often be outweighed by its burdens and costs because the inherent dual role conflict makes that financial interest obvious or the substantive evidence supporting denial of a claim is so one-sided that the result would not change even giving full weight to the alleged conflict. . . .

The above considerations are simply some factors a district court may include in its calculus when addressing a discovery request in an ERISA case. A district court has substantial discretion in handling discovery requests under Rule 26(b). Although in exercising that discretion the district court must bear in mind both the need for a fair and informed resolution of the claim and the need for a speedy, inexpensive, and efficient resolution of the claim, [the Tenth Circuit] will not disturb a district court's exercise of discretion unless it has abused that discretion.

*Id*. at 1163-64 (citations omitted).

For the following reasons, the court concludes that Plaintiffs are not entitled to extra-record discovery on the issue of dual role conflict of interest. First, the court concludes that allowing Plaintiffs to conduct such discovery does not appear to be necessary for "a fair and informed resolution of claims" and would prevent a "speedy, inexpensive, and efficient resolution of those claims." *Id*. at 1163. Plaintiffs have failed to carry their burden of persuading the court that such discovery is either necessary or proper under the circumstances. Indeed, many

5

of their discovery requests appear to be the type of "speculative fishing expedition" prohibited under the rules of discovery. *Id*.

Second, the court concludes that the benefit of the discovery is outweighed by the potential burden and cost because "the inherent dual role conflict makes [the DNI Plan's] financial interest obvious." *Id*.; *see also id*. at 1163 n.7 ("To be clear, the administrator's financial interest in the claim might be apparent and discovery related to that interest will often be unwarranted."). That conclusion is underscored by Plaintiffs' own admission that "[t]he conflict of interest inherent in the situation is evident."[4]

For these reasons, the court concludes that Plaintiffs are not entitled to extra-record discovery on their first cause of action.

### III. Defendants' Objections

In light of the foregoing conclusions with respect to extra-record discovery on all of Plaintiffs' causes of action, the court has determined that it is unnecessary to address Defendants' objections to Plaintiffs' extra-record discovery requests.

### IV. Administrative Record

Plaintiffs argue that the administrative record is incomplete. More specifically, Plaintiffs assert that many of the documents they seek through the discovery requests at issue were also requested from Defendants at the administrative level, but Defendants did not provide them. In support of their argument that Defendants were and are obligated to produce all of those

---

[4] Docket no. 65 at 6.

documents, Plaintiffs rely on 29 U.S.C. § 1024(b)(4), which provides that "[t]he administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4).

In response, Defendants assert that they have provided Plaintiffs with all the formal legal documents governing the DNI Plan. Accordingly, Defendants assert that they have provided Plaintiffs with all of documents required by 29 U.S.C. § 1024(b)(4). The court agrees with Defendants. *See, e.g.*, *Faulkender v. Sec. Bancshares, Inc.*, No. 06-1255-JTM, 2007 WL 1586127, at *2 (D. Kan. May 31, 2007) (describing documents required by 29 U.S.C. § 1024(b)(4) as a "narrow category of documents"); *Phelps v. Qwest Emp. Benefits Comm.*, No. 04CV02042LTBOES, 2005 WL 3280239, at *4 (D. Colo. Dec. 2, 2005) ("[The plaintiff] does not argue that the documents he has requested constitute 'the latest updated summary, plan description, . . . the latest annual report, any terminal report, the bargaining agreement, trust agreement, [or] contract' under § 1024(b)(4). The case turns, then, on the meaning of the catch-all phrase, 'other instruments under which the plan is established or operated.' Though no Tenth Circuit authority appears on this question, other circuits have paid careful attention to it and have concluded that the unambiguous phrase connotes formal legal documents governing the Plan." (quoting 29 U.S.C. 1024(b)(4)) (alterations in original)). With respect to the arguments on this issue that were raised for the first time in Plaintiffs' reply memorandum, the court will not

consider them. *See* DUCivR 7-1(b)(3)(B); *see also, e.g.*, *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).

* * * * *

Based on the foregoing, Plaintiffs' motion to compel Defendants' responses to written discovery requests[5] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 9th day of February, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[5] *See* docket no. 57.